UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN, and PAUL A. MACDONALD, in his official capacity as Executive Director, Plaintiffs, | |
| v. | C.A. No. 05-179ML |
| LJ SITE DEVELOPMENT, INC. Defendant. | |

## CONSENT ORDER AND JUDGMENT

By agreement of the parties, it is hereby ORDERED.

1. Judgment is entered in favor of Teamsters Local 251 Health Services and Insurance Plan, et. al. ("Fund") and against LJ Site Development, Inc. ("Company" or "Defendant") for unpaid contributions, interest, attorneys' fees and costs pursuant to 29 U.S.C §§1132(g)(2) in the amount of $ 17,185.00 which includes:

| | | |
|---|---|---|
| (a) | Contributions on behalf of Gary Ruotolo (6/04-6/05) | $12,010.60 |
| (b) | Interest on contributions due on behalf of Gary Ruotolo | $ 1,443.87 |
| (c) | Interest on late-paid contributions (6/04-7/04) | $ 2,122.03 |
| (c) | Attorneys' Fees and Costs (through 9/14/05) | $ 1,608.50 |
| TOTAL | | $ 17,185.00 |

2. Defendant agrees to remain current in its contributions to the Fund. If Defendant fails to remain current, Plaintiffs may request that this Court adjudge Defendant in contempt.

3. If unpaid contributions as set out above, as well as contributions for August and September, 2005, are not paid in full by November 1, 2005, a twenty (20) percent penalty shall be added to the amount due. Also, the Fund may apply to this Court or to the Court in which enforcement is sought for interest on the total amount owed, including the twenty percent penalty, which shall accrue under 29 U.S.C. §1132(g)(2)(c)(i) from September 15, 2005 until the date they are paid.

4. The Fund shall have the right to conduct an audit of books and records of the Company for all relevant periods for which the Company is obligated to submit contributions to the Fund. The Company shall pay to the Fund the cost of the audit together with any additional amounts found owing, plus such other amounts as set forth in the collective bargaining agreement, the Unified Trust Agreement, ERISA and applicable law.

5. The Fund is entitled to reimbursement from the Company of all attorneys' fees and costs it incurs to enforce this Consent Order and Judgment and may apply to this Court or to the Court in which enforcement is sought for further attorneys' fees and costs. See, 29 U.S.C. §1132(g)(2); Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir. 2003); Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989).

6. If Defendant fails to comply with any of the terms of this Consent Order and Judgment, the Fund may, in addition to pursuing the remedies provided under Federal Rule of Civil Procedure 69, reopen this case upon motion to this Court and notice

to Defendant, and may at that time ask for further appropriate monetary and/or injunctive relief.

Plaintiffs,
Teamsters Local 251 HSIP, et.al.,
By their Attorney,

Elizabeth A. Wiens #6827
Gursky Law Associates
420 Scrabbletown Rd., Ste. C
N. Kingstown, RI 02852
(401) 294-4700
(401) 294-4702

Dated:

Defendant,
LJ Site Development,
By its Attorney,

Alfred A. Russo, Jr. #3687

1405 Plainfield Street
Johnson, RI 02919
(401) 944-2647
(401) 942-8322

Dated:

BY THE COURT

MARY M. LISI
United States District Judge

Dated: